# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4908 | **DATE** | 7/16/2013 |
| **CASE TITLE** | Antionio Bealer (#K-68852) v. Salvador Godinez, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff having "struck out" pursuant to 28 U.S.C. § 1915(g), his motion for leave to proceed *in forma pauperis* [#3] is denied. Plaintiff must pay the full statutory filing fee of $400 within fourteen days of the date of this order. Failure to pay the $400 filing fee within fourteen days will result in summary dismissal of this case. *See* Local Rule 3.3(e) (N.D. Ill).

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

Plaintiff, in state custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis*. Plaintiff alleges that over 200 Defendants have engaged in a conspiracy involving reading his thoughts and dreams, poisoning his food, and wrongfully classifying him as mentally ill. However, a review of the Court's docket reveals that Plaintiff is barred from proceeding without paying the full statutory filing fee in advance.

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of Plaintiff's previous actions, all of which were filed while he was incarcerated or detained, have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Bealer v. Powell, et al*, Case No. 3:04 C 059 (S.D. Ill.) (September 29, 2005) (Murphy, J.); *Bealer v. Walker, et al.*, Case No. 1:08-1377 (C.D. Ill.) (July 8, 2009) (Baker, J.); and *Bealer v. Godinez*, et al., Case No. 12 C 50432 (N.D. Ill.) (December 10, 2012) (Kapala, J.).

While Plaintiff's allegations in his complaint could be construed as leaving him in imminent danger, the Court finds that such allegations are frivolous (*see Lee v. Clinton*, 209 F.3d 1025, 1025 (7th Cir. 2000), and that the allegations made in Plaintiff's complaint largely mirror the allegations Plaintiff raised in his prior three cases, all of which were dismissed as frivolous, and with the imposition of a strike pursuant to 28 U.S.C. § 1915(g). As the complaint does not contain any allegations that might support a conclusion that Plaintiff is in imminent danger of any physical injury, serious or otherwise, 28 U.S.C. §1915(g) prevents him from proceeding without the full prepayment of the $400 filing fee.

**(CONTINUED)**

AWL

## STATEMENT

For the foregoing reasons, the Court therefore denies Plaintiff's motion for leave to file *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). If Plaintiff fails to pay the $400 filing fee within fourteen days, the Court will enter judgment dismissing this case in its entirety. *See* Local Rule 3.3(e) (N.D. Ill).